ORIGINAL

# In the United States Court of Federal Claims

No. 15-786C
Filed: November 23, 2015
NOT TO BE PUBLISHED

FILED
NOV 2 3 2015
U.S. COURT OF FEDERAL CLAIMS

**************************************
DEAN R. SEELY,
Plaintiff, *pro se*,
v.
THE UNITED STATES,
Defendant.
**************************************

**Dean R. Seely**, Mount Pleasant, Utah, *pro se*.

**Aaron E. Woodward**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

## I. RELEVANT FACTUAL BACKGROUND.[1]

On September 17, 2002, Dean Seely pleaded guilty to one count of armed bank robbery in the United States District Court for the District of Utah and was sentenced to forty-one months in prison. 9/10/15 Gov't. Mot. App. A1; *see also* 18 U.S.C. § 2113.[2]

---

[1] The relevant facts were derived from Plaintiff's August 31, 2015 Amended Complaint ("Am. Compl."). The facts also were derived from the Appendix to the Government's Motion to Dismiss Amended Complaint ("9/10/15 Gov't Mot. App."). *See Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged."). As such, consideration of the Appendix to the Government's September 10, 2015 Motion To Dismiss is appropriate, because the documents contained therein provide the factual basis for whether the court has jurisdiction.

[2] Section 2113 of the 21st Century Department of Justice Appropriations Authorization Act, in relevant part, provides:

> Whoever, by force or violence, or by intimidation, takes or attempts to take from the person or presence of another . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both" and that anyone who "assaults any person, or puts in jeopardy the life of any person by the use of dangerous weapon or device,

On August 26, 2003, Mr. Seely also pled guilty to one count of sexual exploitation of children in the United States District Court for the District of Utah, and was sentenced to 160 months in prison. 9/10/15 Gov't. Mot. App. A7; *see also* 18 U.S.C. § 2551.[3]

## II. PROCEDURAL HISTORY.

On July 27, 2015, Mr. Seely ("Plaintiff") filed a Complaint in the United States Court of Federal Claims. The July 27, 2015 Complaint alleges that the United States District Court for the District of Utah was an "improper venue," because that court is "not a true United States court, 'ordained and established' with the 'judicial power' of the United States." Compl. ¶¶ 6–7. The July 27, 2015 Complaint also alleges that the Government violated Plaintiff's rights under the Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendments to the United States Constitution. Compl. ¶¶ 7–8.

On August 17, 2015, the Government filed a Motion To Dismiss ("8/17/15 Gov't Mot."), pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

On August 31, 2015, Plaintiff filed a Motion For Leave To Amend Complaint and his Amended Complaint was attached. The August 31, 2015 Amended Complaint incorporated paragraphs 1–5 of the July 27, 2015 Complaint and amended paragraphs 6–18 of the July 27, 2015 Complaint. The August 31, 2015 Amended Complaint, however, removed the Fourth, Sixth, Seventh, Eighth, and Ninth Amendment claims.

In sum, the August 31, 2015 Amended Complaint alleges that: 1) because the United States District Court for the District of Utah is "not a true United States court," pursuant to Article III of the Constitution, Plaintiff's convictions by an "unqualified and defective" grand jury violated the

---

> shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113.

[3] Section 2251 of the Protect Our Children Act Of 2008, in relevant part, provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who transports any minor in or affecting interstate or foreign commerce . . . of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of producing any visual depiction of such conduct . . . shall be fined under this title and imprisoned not less than 15 years nor more than 30 years.

18 U.S.C. § 2251.

Fifth Amendment[4] of the United States Constitution and seeks $72,000,000; 2) Plaintiff's rights under 28 U.S.C. § 1861[5] were violated; and 3) unnamed agencies and departments of the United States committed fraud by failing to respond to Plaintiff's inquiries about the legal status of the United States District Court for the District of Utah. Am. Compl. ¶¶ 6, 13–16.

On September 2, 2015, the United States Court of Federal Claims granted Plaintiff's Motion For Leave To Amend Complaint.

On September 10, 2015, the Government submitted a Motion To Dismiss The Amended Complaint ("9/10/15 Gov't Mot."). That same day, the Government also filed an Appendix to its Motion To Dismiss The Amended Complaint. On October 6, 2015, the Government's September 10, 2015 Motion was filed by leave of the undersigned judge.

Plaintiff did not file a Response to the Government's September 10, 2015 Motion To Dismiss.

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal

[4] U.S. CONST. amend. V, in relevant part, provides, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury[.]" U.S. CONST. amend. V.

[5] Section 1861 of the Jury Selection and Service Act of 1968 provides, "[A]ll litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community[.]" 28 U.S.C. § 1861.

Government[.]" *Testan*, 424 U.S. at 400. And, a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

**B. Standard Of Review For *Pro Se* Litigants.**

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). Courts traditionally examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Cl. Ct. 456, 468 (1969). Nevertheless, although the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

**C. Standards For Motion To Dismiss.**

**1. Under RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

**2. Under RCFC 12(b)(6).**

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

### D. The Government's September 10, 2015 Motion To Dismiss The Amended Complaint.

#### 1. The Government's Argument.

The Government argues that the August 31, 2015 Amended Complaint does not allege a substantive basis for jurisdiction and cites to the Tucker Act only nominally. 9/10/15 Gov't Mot. at 5. The Amended Complaint requires the court to dismiss the claim because the United States Court of Federal Claims does not have jurisdiction to adjudicate criminal actions or appeals from a United States District Court's rulings. 9/10/15 Gov't Mot. at 5–6. Finally, the Amended Complaint should be dismissed, because the Fifth Amendment is not money-mandating. 9/10/15 Gov't Mot. at 6.

#### 2. The Court's Resolution.

First, with respect to the Amended Complaint's claim that Plaintiff's Fifth Amendment right to a grand jury was violated, the Grand Jury Clause of the Fifth Amendment does not mandate money damages. *See Gahagan v. United States*, 72 Fed. Cl. 157, 160 (2006) ("The Fifth Amendment to the United States Constitution is recognized as specifically allowing money damages in two circumstances: (1) the taking of private property for public use; and (2) due process violations resulting in an illegal exaction [.]"). The court, however, does not have jurisdiction to adjudicate Plaintiff's Grand Jury Clause claim.

Second, the court does not have jurisdiction to adjudicate the Amended Complaint's claim that the Government violated 28 U.S.C. § 1861. Section 1861 of the United States Code provides that "all litigants in Federal Courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community." 28 U.S.C. § 1861. Again, there is no substantive right for money damages in Section 1861, even if the Government violates the statute.

Third, Article III, clause 1 of the United States Constitution provides, "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." It is undisputed that Utah has been fully admitted into the Union as a state since 1896. *See Utah Div. of State Lands v. U.S.*, 482 U.S. 193, 199–200 (1987) ("The Utah Enabling Act of July 16, 1894, provided that Utah was 'to be admitted into the Union on an equal footing with the original States.'"). 28 U.S.C. § 133(a) delegates authority to the President of the United States of America "to appoint, by and with the advice and consent of the Senate, district judges for . . . Utah." 28 U.S.C. § 133(a). Given that Utah is an admitted state and given the President's authority to appoint federal district judges in Utah, the United States District Court for the District of Utah is a valid Article III court of the United States.

Finally, a claim must "reasonably plead the particularities of the charge to comply with the requirements of [RCFC] 9(b)."[6] *BMY Combat Sys. v. United States*, 26 Cl. Ct. 846, 850 (1992). The Amended Complaint, however, "do[es] not specify the specific actors" and is based on an

---

[6] RCFC 9(b), in relevant part, provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." RCFC 9(b).

erroneous interpretation of the legal status of a United States District Court. *Id.* Therefore, the claim for fraud must be dismissed.

## IV. CONCLUSION.

For the these reasons, the Government's August 17, 2015 Motion To Dismiss is granted. *See* RCFC 12(b)(1). The Clerk is directed to enter judgment and dismiss the August 31, 2015 Amended Complaint.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**